The next case this morning is 522-0346, People v. Chad Covalt. Arguing for the defendant appellant is Anna Carlozzi. Arguing for the state appellee is Adam Rodriguez. Each side will have 20 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note that the clerk is permitted to record these proceedings. Good morning, counselors. Good morning. I apologize for the delay. We've had a lot of questions so far this morning on our first two cases. And I know this case, you have 20, 20, and 5. A lot of issues in this case. A lot of evidence in the case. A lot of counts in the case. We've read the briefs. We're looking forward to your arguments. Ms. Carlozzi, are you ready to proceed? I am. All right, you may proceed. Thank you. My name is Anna Carlozzi with the Office of the State Appellate Defender on behalf of Chad Cobalt. May it please the court, counsel. I plan to focus on Issue 1, which is compulsory joinder. Issue 5, the unit of prosecution in one act of one crime issue. And Issue 6, sentencing. But all of the issues raised in this case are intertwined. So I'm happy to answer any questions you all might have about the issues. As well as any questions you might have about the facts because there was a lot of evidence. Compulsory joinder requires the state to bring multiple charges in a single prosecution when the charges arise from the same facts. And when the state has knowledge of all of those facts at the commencement of the prosecution. The statute was enacted to prevent piecemeal prosecution and potential abuse of the prosecutorial process. The focus of the statute then is on the actions of the state. What did the state know and when did they know it? In this case, the state knew that Sergeant Eddie Johnson found over 25 images of alleged child pornography on Chad's phone. And they knew this when they filed the original information, which charged Chad with three counts based on the filming of only one video and the photographing of only one picture. The subsequent 25 charges brought by the state 216 days after Chad's arrest were new and additional to the original charges and were therefore subject to compulsory joinder. Furthermore, because the subsequently charged counts were new and additional to the original counts, the speedy trial clock ran on the new counts and should have been dismissed. The trial courts ruling otherwise is contrary to the compulsory joinder statute. And in this preserved error, this court should reverse and vacate 25 of Chad's convictions. The 25 subsequent counts in this case were new because they relied on 25 new pieces of evidence. And they were additional because they did not replace or relabel or recharacterize the original accounts. They were added to the original counts for a total of 29 counts. Looking at Illinois case law makes it clear that these were new and additional charges. The state cited FIPS, but this case is unlike FIPS, which involved a new but not additional charge because the subsequently charged defense was new. The defendant was charged with aggravated driving while under the influence, which replaced the original reckless homicide while under the influence charge. Excuse me. FIPS involved, yes, it was a new, but it was not an additional charge because the second, the subsequent offense was a relabeling or recharacterization of the original offense. Let me ask you this. The defendant is not charged with possession of child pornography. He's charged with filming or taking pictures. Does that make a difference whether it's possession or a physical act for the joinder compulsory? I don't believe so. Well, some of these pictures were taken at different places, so they weren't one incident. Some were taken in one house and some were taken at another house, allegedly. Correct. So there are two, I guess, incidents. One happened at what the children called the Cherry House and the other one happened at the First Street House. But the original charges involved one incident from both of those locations. So the original, there were four original child pornography charges. Three of those charges stemmed from a single video and that was taken at the First Street House. The remaining charge, the fourth charge in the original information, was a photo taken at the Cherry Street House. So all of the additional photos were either from that same incident that occurred at the First Street House or the same incident that occurred at the Cherry Street House. Does it matter that, and again, this case is so long and so much involved, it's hard to keep my mind straight, but some pictures were taken in the kitchen, some pictures were taken in the bathroom, some pictures were taken in a bedroom. Does that matter to the court's analysis of a series of acts or what the compulsory jointers require? No, the pictures, so all of the pictures taken at the Cherry Street House were taken in what appears to be a bathroom. All of, and then the pictures taken at the First Street House were either taken in a bedroom or in the kitchen, but they were clearly part of, they arise from the same facts because they involve the same two sets of girls. They happened at the same time. The girls are wearing the same things. And so it's all, all of the counts stemming from the Cherry, excuse me, the First Street House arose from the same facts. All right. Thank you. But I'd just like to point out that in Phipps, that case is very different from this case, because in that case, the defendant pled to the original charge. But then after the legislature made some changes, the state filed a motion to vacate the plea. Then they filed an information charging the defendant with the new offense, which alleged the same exact facts. And then the defendant pled guilty to that offense. So there was no situation where the defendant could have been found guilty of both of those offenses. The state also cited Woodrum, but this case is also unlike Woodrum. That case didn't involve either a new or an additional charge, because in that case, the subsequent charges alleged the same exact conduct and essentially replaced the original charges to include for other than a lawful purpose. The omission of which was essentially a Scribner's error. So the defendant wasn't charged with any additional offenses. And the charges were not new. The state also cited Moffitt. But this case is unlike Moffitt, because that case involved in an additional charge, but not a new charge, because the defendant in that case was charged with a second offense. So it was additional, but it was the same exact defense of aggravated battery. It just introduced a new theory. It added the physical contact of an insulting or provoking nature, in addition to causing bodily harm. And so, again, there, it was an additional charge, but it was not a new charge, because it revolved around the same exact bite to the correctional officer's hand. It's just that the bite to the correctional officer's hand caused bodily harm, or was it just an insulting or provoking fight? The Illinois Supreme Court case Hunter from, I believe, 2013 is particularly relevant in this case. In that case, the police found a gun in two bags of drugs after the defendant was arrested. But the state initially only charged him with gun possession. And Justice Vaughn, I think maybe a little bit related to this is related to your questions. The gun was found near one bag of drugs, but then a second bag of drugs was found in a different location in the house. But after the speedy trial term expired, the state sought to charge the defendant with two counts of drug possession. In a motion to dismiss, or after a motion to dismiss was filed, the trial court dismissed the subsequent counts, and the Supreme Court eventually affirmed that ruling. And I think an excerpt from Hunter really shows why this case is subject to compulsory joinder and why these offenses were new and additional. The trial court asked the state, so here's my question. If somebody was serving a search warrant on a house and looking for a variety of unlawfully possessed items, and they searched the house, and they found automatic weapons in one bedroom, and counterfeit money in another bedroom, and stolen goods in a third bedroom, and a pound of cocaine in the kitchen, and a stolen car in the garage, is that one act or several acts? The state said those would be separate acts. And the state explained, because they can support multiple charges, multiple offenses, possession of controlled substance, possession of a stolen motor vehicle, etc. And then the court asked, so you think then in that scenario, the police could charge the defendant with possession of what I am, and then 160 days or so later, file some more charges, and then 160 days later, file some more charges? The state said, yes, I do. I think that's exactly the law judge. And the court said, no kidding. The circuit court obviously rejected the state's position, and the Supreme Court did likewise. And that's exactly what would happen here. If these counts were not subject to compulsory joinder, then basically, the state could have charged Chad over and over again. So he was originally charged with filming one video taken at the first street house. In the Hunter case, paragraph 23, the Supreme Court stated, indisputably, the legislature did not intend to impose joinder on offenses that arise from a series of acts which are closely related with respect to the offender's single purpose or plan. So the Supreme Court seemed to be saying the legislature was not imposing joinder in that situation. In which situation? A series of acts with a common plan. It's a series of acts, not possession. That goes back to the question I was asking before. There's a series of acts, a series of photographs taken, not a possession case like where you find a gun and cannabis and another bag of drugs in the vicinity. That's all one thing that requires joinder. It's possession. But here you've got a multiple individual, 32 counts, 32 different photographs or movies taken. But they all arise from the same set of facts. And so the Supreme Court has said that what is important to look at is whether something was kind of a continuous act. And in this case, looking at the photos, it is clear that these were continuous acts. Continuous acts of taking pictures of the same two girls either in the bedroom or the bathroom or continuous acts of taking pictures of the girl in the... excuse me... Either the continuous act of taking pictures of the girls in the bedroom in the kitchen or the continuous act of taking pictures of the girl in the bathroom. And so it would be absurd to believe that the state could charge Chad with the filming of one video taken at the 1st Street House and then 120 days later charge Chad with taking a picture at the 1st Street House from the same day at the same time that the state found on the same device at the same time. And then 120 days later after that, charge him with taking another picture and another picture. That's exactly what the Compulsory Joinder Statute was created to prevent. This piecemeal prosecution that not only would cause the defendant to have to repeatedly defend himself and potentially remain in pre-trial custody for an indefinite amount of time, but it also would give the state all these different bites at the apple because they were bringing it piecemeal. And then in addition, because these were all taken during the same course of conduct, the sentencing statute at issue for that limited the sentence for the pictures taken at the 1st Street House to the two most serious felonies. And so even though Chad was charged with taking several photos and videos at the 1st Street House, he could only be sentenced on two of those counts. But if the state had brought all of these piecemeal, then they wouldn't really have formed one course of conduct and they all could have been stacked on top of each other, meaning that Chad could have been sentenced to essentially 30 years times 28 counts. And that is not. I mean, that's exactly what the legislature sought to prevent with the Compulsory Joinder Statute. And again, that statute focuses on what the state knew and when. And the Supreme Court case, Williams said that if the statute is meant to close a loophole that would allow the state to circumvent a statutorily implemented constitutional right. And so that's exactly what's what's happening here. The state could have gotten all these different bites of the apple. It could have. I mean, that would that would be prosecutorial. I don't know if misconduct, but that would be an abuse of prosecutorial discretion to bring, you know, two counts and then to initiate the 27 remaining counts one after the other. Are you prepared to jump to the sentencing issues? Yes, I was going to move to just briefly the unit of prosecution in one act on crime issue. But I can skip to the sentencing issue. If you had a problem understanding what the judge did on the sentencing issue, because he seemed to say orally that. 60 years was the maximum, but then he gave two 60 year consecutive sentences to 120 years, and the sentencing order has all the counts lumped into two paragraphs. He's got counts four through six and eight through 12, 22, 60 years. Then he's got another paragraph with seven and 23 through 32, another 60 years. And it was hard for me to decipher exactly what was going on in the sentencing or what he was intending to do. What he was intending to do, I believe, was just abide by the consecutive sentencing kind of maximum aggregate statute. And that statute basically says for every course of conduct, if multiple charges stem from one course of conduct, the maximum sentence is the maximum aggregate is the maximum sentence for the two highest felonies for that course of conduct. So what happened in this case is the court found that there were two courses of conduct. One course of conduct was from the Cherry Street House and one course of conduct was from the First Street House. And then what I believe the judge should have done then was chosen two counts from both of those courses of conduct. So perhaps just count four and five from the First Street House and count seven and 32 from the other counts. But basically, what he should have done is picked the two most serious counts. In that case, it wouldn't really matter. In this case, it wouldn't really matter because they're all class X felonies with the same maximum sentence. But the court should have chosen two counts for each course of conduct and sentenced him to 30 counts for each of those four counts for a maximum aggregate of 60 years for the Cherry Street House course of conduct, maximum aggregate of 60 years for the First Street House conduct. And then those would be stacked on top for a total of 120 years. The PSI indicated the defendant suffered from psychological disorders, substance abuse, and expressed remorse, but the trial judge found there were no matters in mitigation. You believe that alone requires a remand on sentencing at a minimum? Yes. And the fact that the court commented on Chad's right to remain silent at sentencing. And so both of those things together just show that the court did abuse its discretion. Because if mitigation is presented, the court must consider it. And so the failure to consider mitigation presented is an abuse of discretion. And that's even without just the sentence generally being excessive at 120 years. And so I think that this should absolutely be sent back, I mean, for multiple reasons, but it should be sent back for sentencing, resentencing, and also maybe to fix the minimus. There was another issue I had you skip over. Did you want to address that briefly? Yeah. So just the multiple convictions, just one thing I really want to point out is that if this court agrees with the compulsory joinder speedy trial issue and dismisses all of those subsequently charged counts, that leaves only four counts in this case. And three of those counts all stem from the same film. And one of those counts relies on one photo. And so what this court basically has to answer is, does one video alleging three counts, can that support three counts? Or does it only support one count? What is the unit of prosecution? And alternatively, can Chad be charged with two counts based on one girl in the same video? All right. Thank you. Yeah. Justice Moore, questions? No questions. Justice Barbera? Not at this time. Thank you. Thank you. You have rebuttal time in a moment. Mr. Rodriguez, you ready to proceed? Yes, Your Honor. Good morning, Your Honors, and may it please the court. Reversal of defendant's convictions is unwarranted where the 25 subsequent offenses are not new and additional for purposes of compulsory joinder. In this case, the 25 subsequent counts weren't new and additional subject to compulsory joinder because they were derived from the same conduct. Defendant received notice based on the original charging document that the state was going to hold him accountable for the production of the child pornography that arose out of the subsequent acts. Therefore, following the analysis under Fitz, Williams, and Woodrow, the subsequent child pornography offenses were not new and additional for purposes of compulsory joinder. Therefore, the defendant was never placed in the situation that the compulsory joinder rule is meant to prevent against, which is that Hopsonian choice of either proceeding inadequately prepared to trial and new charges or asking for more pretrial delays and therefore having to make that choice. In this situation, the offenses that arose out of the initial charging document provided defendant with adequate notice as to the conduct he was going to be charged with or alleged in the subsequent information. Therefore, he was absolutely aware of the defenses that he needed to advance. They were completely similar. They arose out of the same conduct. Defendant argues that the relevant question here is not about notice. That's in defendant's reply brief. That's incorrect. As the Fibbs court indicated, quote, the Williams rule is applicable only when the initial and subsequent charges are subject to compulsory joinder. So resolution of whether a subsequent charge is new and additional controls whether delays attributable to defendant on an original indictment are also attributable to defendant on the subsequent indictment. And later on in the Fibbs decision, that's at 67 of the opinion, the court reiterates the rationale for the Williams rule. Therefore, centers on whether defendant had adequate notice of the subsequent charges that allows for preparation for defense. And the focus is on whether the original charging instrument gave the defendant sufficient notice. So contrary to defendant's argument, this most certainly is an issue of notice. And in fact, in preparing for oral argument, I did come across a third district decision, people versus Isbell 2020 LF 3rd 180279, which did indicate. Therefore, compulsory joinder is a necessary, but not sufficient condition for application to the Williams rule. So, contrary to defendant's argument, we don't just look at compulsory joinder and say, there's the compulsory joinder door. In this situation, it requires support to go through the analysis of new and additional to determine whether the subsequent child pornography counts were new and additional. And that determination will control the ultimate application or non application to the Williams rule. Rodriguez charges filed in May, and the amended information was filed in December. That's that's quite a gap between. Adding the other 25 charges, isn't it? I wouldn't say so, judge, you know, I obviously I wasn't trial counselor can speak to the sort of charging issues. But if you look at the dryer decision in that case, there was an initial charges of child pornography that were created. And then two years later, a new state's attorney was elected and came into office and then took a second look at this case. In that case, excuse me, and then answering the subsequent charges occurred, and that was over two years later. So I don't think it's outcome determinative to the issue, because you're all you're obviously going to want to look at whether the defendant had notice of that. And there's likely also reasons why I don't believe that I'm not. It's not the people's position that compulsory joinder necessarily applied in this case. As the trial court identified, there were two separate courses of conduct in this case. The child pornography that arose out of the birthday party event at the First Street House and the child pornography that arose out of the Cherry Street House. Those are two separate courses of conduct. Those involve different facts, different times. So it's most certainly an issue that I think, while the people ultimately elected to proceed on the child pornography counts and defense counsel indicated that was his his preference as well, that all of these be lumped together. There's absolutely, I think, very legitimate considerations why perhaps compulsory joinder wouldn't necessarily apply. Because would defendant have wanted a separate trial involving just the child pornography counts related to MB, where there's also reference that created child pornography related to BG? I don't think so. So, you know, in that regard, defendant's argument sort of presupposes that compulsory joinder was a foregone conclusion, but I absolutely don't think that was the case. Your Honor, defendant goes through what I think is incorrect analysis of the principal cases that people cite Fitz, Woodruff and Moffitt. So I did want to touch on those briefly. Contrary to defendant's argument, Fitz, Woodruff and Moffitt stand to the proposition that when an original charging document alleges the same conduct as contained in the subsequent charging document, the defendant is said to have been given sufficient notice of the subsequent charges so as to prepare adequately for his defense. When that's the case, the defendant can't be said to be surprised by the subsequent charges and the circumstance won't be one where he's placed in the situation having to make that dreaded hops and choice. In Fitz, the court found that the original charging document provided the defendant with notice of the material allegations and the subsequent information. The court focused on the fact that the original charging document informed defendant that he was going to be held responsible for driving a vehicle, which while under the influence of alcohol, and colliding with the victim and killing her. So the fact that that conduct in both the initial and subsequent charges was the same, the courts that that gave him notice, he understood absolutely what he was going to be required to defend against. So there wasn't any surprise by the subsequent charge. And as sort of supplemental reasons favoring or supplemental reasons why the offense wasn't a new and additional, the court looked at the fact that the two offenses had essentially the same elements and the same penalties. And in this case, that's absolutely a consideration the court can look at to determine that these subsequent child pornography counts are not new and additional. They're the exact same offense. They allege the exact same statutory citation of child pornography. They have the same penalties as defendant readily agrees with me. They're both they're all class X offenses. So it's most certainly not a situation where he needed to prepare different defenses and needed to present different arguments regarding the child pornography counts, both in the initial and subsequent information. Frankly, judges and Woodruff, you know, the court again said the subsequent child abduction counts were not new and additional. The court there discussed the issue of surprise where there was nothing surprising about them, such that the defendant would have been placed in the circumstance to again make that choice. And in Moffitt, the defendant complained that the subsequent charge of battery was new and additional because it required different elements and different factual proof and that the fact finder had to make different findings. The court said there was clear that the original charging document placed the defendant on notice that the state intended to hold him accountable for his act of biting the victim. And as such, the later counts naturally flowed and followed from the conduct alleged in the original indictment. And the defendant was inherently on notice such that the subsequent charge wasn't new and additional under the Williams rule. That's the exact same situation we have in this case, Your Honor. Your Honor, Justice Vaughn, I know you had some questions for my friend on the other side regarding whether these events constituted one act or separate acts. The defendant argues in his brief, and I think your question is intimate, that the defendant asserts that these were 25 separate acts of child pornography filming, both MB and BG. That interpretation of there being multiple acts in this case has been expressly rejected by the Supreme Court of People v. Quigley. There, the court said it refused to give the phrase, based on the same act, a hyper-technical interpretation to create multiple acts out of discrete moments in time. So, in regards to your question, Justice Vaughn, whether there were several acts or there weren't, that we have two acts that, to Your Honor's point, as you identified, involved sort of a continuous course of conduct within each of those two time frames. The events related to the birthing party event where the defendant created child pornography, and then the second act where the defendant captured child pornography in the Cherry Street house. The fact that the defendant may have also taken pictures in the kitchen, or that somewhere in a bathroom, or somewhere in the bedroom, excuse me, and then somewhere in a kitchen in another location, that's not at all, you know, defeating to the position, or it doesn't at all militate against the finding that these offenses were not new and additional, because you don't break up a course of conduct in that way. And certainly, as to the point that it was defendant's, you know, plan to engage in the creation of child pornography, the capturing of it. So, again, it certainly cuts against the argument that these are separate acts. It was one act of creating child pornography. It occurred sort of in the totality of the birthday party event, and therefore that doesn't in any way negate the trial court's determination. I guess maybe I'm not understanding the issue correctly, or maybe I don't understand the law correctly, but if it's a series of acts, separate acts, does that weigh in favor of or against Joinder, or if it's one continuing course of conduct, does that weigh in favor or against Joinder? So, Your Honor, that question, I think, and I agree, it's sort of a nuance to the whole point. For purposes of this discussion, we acknowledge that Williams rule, that the Williams rule generally states that tolling attributable on initial charges is generally not attributable to defendant and subsequent charges, if you didn't have noticed. However, Fibbs creates a caveat to that rule, which is elucidated furthermore in Woodruff, and, you know, it's identified in Williams as well, that you don't apply the Williams rule general barring under compulsory Joinder when the offenses aren't even additional. So, to your point, the question isn't, were these, you know, did compulsory Joinder require the court to think of these as one act or separate acts? That's not the analysis at all. The analysis is whether the new offenses were subsequent or, excuse me, were new and additional. And in regards to, in this case, whether they were, the fact that the defendant was engaged over multiple hours creating child pornography is certainly indicative of the course of conduct, but the act itself was the creation of the child pornography. So, while there may be, as the Quigley court said in that case, the defendant was trying to parse out his driving under the influence into moments that were related to a misdemeanor DUI and then subsequent moments following the crash where the defendant had, you know, injured a victim into a felony DUI. The court said, we don't look at it that way. We don't parse it out. So, the fact that there was, you know, kind of multiple occurrences throughout multiple hours in regards to the birthday party event at the First Street House, that's not at all relevant to or doesn't defeat the trial court's determination. Because, again, it's notice of that. You don't look at the acts. It's not a focus on whether there was one act or multiple acts. And, you know, as the trial court ultimately found, I think, and rightly so, there were, you know, at least two relevant kind of aggregate acts, the birthday party event and the event at the Cherry Street House. And, you know, those is absolutely fine. There's no problem with that for purposes of also during the speedy trial analysis that occurred in that case. Before your time runs out, can you jump to the sentencing issue also? Do you agree that at a minimum, we have to remand this for a new sentencing hearing or you disagree with that? Because it seems to me the judge did not consider, although the PSI contained mitigating factors, the judge said there were no mitigating factors. And I frankly find the transcript of what the judge said and the written minimus confusing or to be at odds with one another. Do you agree or do you think we can, there's a way around that? I don't agree, Your Honor. In regards to the issue about the defendant's lack of semen allocution, I think the court was being very thorough in asking him. I think when you read that to trial. I'm not talking about the silence. I'm not sure if the judge made note of it, but I'm talking about the PSI said there was psychological issues. There was remorse. There was substance abuse. But the judge said there were no mitigating factors. In that regard, I don't think when you look at understanding in the totality that that statement in any way indicates that the trial court didn't find or didn't consider those. I think it just says that the court didn't give it the weight the defendant wanted to ask to the point that that's not what he said, though. He didn't say I give them a little weight. He said, I find no mitigating factors. Right. I think when you consider that language, but in the context of everything, the trial court is presumed to have considered the substance abuse issues that were identified in the in the PSI. The trial court heard defendants arguing regarding, you know, at sensing mitigation and all that. So the law presumes the trial court considered that. I think perhaps artfully, the trial court could have said, you know, the defendant offered mitigation. I don't find that it overcomes. But when you look at what the trial court did and you look at the totality and most certainly is presumed to consider that information was before the court. And the issue regarding that is that the defendant tries to argue that the mitigation that he offered somehow balances out the evidence in aggravation, which isn't the case at all. The trial court focused very heavily on the fact that during aggravation, the victim's impact statements indicated severe mental issues. There was references to suicide. The fact that the defendant had prior consistent employment and had a GED and sort of work related certifications does not overcome the significance of the factors in aggravation in this case. And I think the trial court statement on that point is ultimately consistent with that. And I would just note about not expressing remorse for his actions. If the defendant tries to claim and that's at CS 10 of the record, the defendant tries to claim that at the time he committed the offenses, he was under the influence of methamphetamine. Yet during his interview with Detective Johnson, the defendant repeatedly indicated that he had overcome his substance abuse habit, was sober, was no longer ingesting methamphetamine, wasn't addicted to methamphetamine. And he indicated that methamphetamine played no part in his actions related to the production of child pornography. So I don't believe that the defendant did express remorse. I think it's more correct to classify that if the defendant tried to disingenuously cite his prior substance abuse as an excuse for committing the incident offenses, which I think for the purposes of the record, isn't correct. And in regards to your honor's argument about the sentencing, the issue that occurred here under the aggregate consecutive sentencing statute, when there are multiple offenses, the court needs to apply a calculation and it takes two of the highest class offenses. These were all classic child pornography offenses. So the trial court needed to identify how many separate courses of conduct existed out of all of the offenses that the defendant was found guilty of. Take two of those, take the maximum sentence for each of those offenses, and then multiply it by two. So in this case, child pornography was six to 30. The trial court took two, 30 times two, which is 60, and then multiply 60 by two to correlate each course of conduct that it found, both the events at the Cherry Street House and the events at the birthday party. And so that was actually a correct application of the sentencing statute. Defendant argued, and I think the court even pointed out, that perhaps the admittedness is a bit confusing on that because what the trial court did and what you identified, Justice Vaughn, is that the sentencing order indicates the courses of conduct. And so it's certainly confusing in that way. And so I understand Your Honor's point on that. Most certainly, I don't think this case needs to be remanded for sentencing. This court has wide discretion to amend the admittedness and to make it more clear. Defendant was found guilty of all of the offenses. And since, for purposes of sentencing, all of those other offenses were merged in, there's no issue here. Defendant doesn't argue or challenge the propriety of the trial court's maximum sentence. And so I think Your Honors could very easily correct this by amending the admittedness to say, for course of conduct one, enter a conviction for counts four and five. And for course of conduct two, enter a conviction for counts 30 and 31. And that would be absolutely fine. The trial court found that all of those offenses defendant was guilty of, they matched the same classification as each other. So there's no confusion there. And the trial court, while it did attempt to highlight that, you know, indicated in its recitation part of sentencing that it was going through that calculation was required to under the mandatory consecutive sentencing statute. The sentencing order is a bit confusing on that point. And I would readily agree with Your Honors and counsel on that. So I think you can correct the admittedness. The court has wide latitude. So I don't know that this would need to be sent back for the trial court to correct the issue. And this court's absolutely able to do that. Some of these counts involve a video. And the video and some of the videos, there are two victims, two girls in there. Does that justify one charge or two charges? One for each victim or one for the event? It's one for each victim, Judge. Regarding this unit of prosecution argument, under the statute, Section A-5, it indicates that the unit of prosecution is every production of child pornography that is not identical. And while defendant advances an argument that you just look at the image, whether it's the video, whether it's a photo, that's an inconsistent and incorrect interpretation since the child pornography statute is intended to prevent the creation of child pornography and the harm that causes to the victims. I think the second district in its Murphy decision explained this quite well, that if you were to accept defendant's argument, then basically every individual who creates child pornography and possesses child pornography would get a volume discount because they would effectively be able to capture images of child pornography with multiple victims inside them, but only be sentenced for that one actual image or that one actual video. That's inconsistent with the ultimate intent of the child pornography statute, which is to protect the victims and prevent the dissemination of child pornography, you know, in large. So it's more correct than I think a more well-reasoned reading is that every creation, every production of child pornography, film or image, which is not itself identical, and these substance counts weren't identical, they were multiple edits and they were sometimes changed to focus solely on one victim or another, those would constitute a separate unit of prosecution. And as well, if that image contained more than one victim, each victim in that image would also justify a separate offense because we are concerned with not only the production, but also the victims and child pornography. So the unit of prosecution is going to need to consider both of those items. Thank you. Questions? No. Justice Moore? No questions. Thank you. Thank you, Your Honor. Ms. Carlozzi, response? Thank you. With regards to notice for the compulsory joinder statute, notice is only relevant insofar as the new and additional consideration is relevant. So while FIPS did focus on notice, Hunter, which came after FIPS, said, this court has explained that the compulsory joinder statute was enacted to prevent the prosecution of multiple offenses in a piecemeal fashion and to forestall, in effect, abuse of the prosecutorial process. That's what the statute is focused on. Notice is only relevant when looking at whether the subsequent counts are new and additional. Looking at FIPS, the subsequent count was not new and additional because it alleged the same exact offense based on the same exact conduct and the same exact act. And notably, in this case, it relied on the same exact evidence. In this case, the 25 additional counts relied on 25 new pieces of evidence. And so I'm not sure how charging Chad with filming one video and photographing one picture would provide him notice that he had to defend himself against 29 counts of child pornography. And if you look towards the reasonable doubt arguments that were raised, each photo required its own separate independent defense. The first section, which discusses whether some of the photos were lewd, that raises 1, 2, 3, 4, 5, 6, 7, 8, whether eight of these pictures were lewd and all of those needed their own separate individual consideration and their own separate defense. And so this is unlike FIPS, which didn't include any new evidence, unlike Woodrow, which also didn't include any new evidence because it was the same exact act. And like Moffitt, which again was the same act and what was at issue was, was there a bite? What do you mean when you talk about the Joint Direct trying to avoid piecemeal prosecution? I mean, there was no piecemeal prosecution. They were all tried together in one trial. I'm not sure what you mean by piecemeal prosecution. Well, it's just that's what the statute is meant to prevent. And so that is what we look at. We look at the state's conduct. We're worried about what the state does. The state has all the charging decisions. In this case, the state could have completely avoided this entire situation if it had just charged Chad with all of these photos when it found them originally. There's no reason why the state had to wait 216 days. And so while there is no piecemeal prosecution in this case, that is why the compulsory joinder statute was created, was to prevent that. As for sentencing, if saying that there is no mitigation to be found does not rebut the presumption that the court considered mitigation, I'm not sure what would rebut that presumption. There was mitigation and the court said there was none. I don't think that we need to dig deep into his words. We should take those words at face value. Furthermore, Chad did express remorse in his PSI interview. He said he realized what he did was wrong, that his actions made him sick, that he accepted full blame, and that he was extremely remorseful. And so, again, there was that mitigation to consider. And finally, for the unit of prosecution, I would encourage this court to look at McSwain because it's relevant here. Even though McSwain looked at possession, it still tracks with this case because in McSwain, what happened was there were pictures of the same girl that were transmitted at the same time. And the court said that is just one offense of possession. And so that was looking at the person, right? That was looking at we're, you know, we want to prevent creation, we want to protect the children. And so that's how McSwain read it. And then the legislature changed it to no, each possession, possession of each photo. And so that's the same here. The statute should look at each individual creation of the product of child pornography that was made. Because otherwise, just like what happened in McSwain, what would happen is that if there were multiple photos or videos created of the same child, then that could constitute just one conviction instead of multiple based on the different images. Thank you, Ms. Carlozzi. Justice Moore, any other questions? No questions. Justice Barberos? No. Thank you. Obviously, it's a long, complicated case with a lot of issues. We will take the matter under advisement and issue a decision in due course.